BENJAMIN I. TEDESCO *v.* CITY OF STAMFORD ET AL.
(7322)

O'CONNELL, NORCOTT and CRETELLA, Js.

Argued September 18, 1990—decision released April 2, 1991

*James V. Minor,* assistant corporation counsel, with whom, on the brief, was *Mary E. Sommer,* corporation counsel, for the appellant (defendant).

*Christopher R. Bello,* with whom were *Robert S. Bello* and, on the brief, *Lawrence M. Lapine* and *Thomas M. Cassone,* for the appellee (plaintiff).

O'CONNELL, J. The defendant city of Stamford[1] appeals, after a trial to the court, from a judgment awarding damages and attorney's fees to the plaintiff[2] under 42 U.S.C. § 1983. This case comes to us on remand from the Connecticut Supreme Court.

This matter was initially before this court in June of 1989,[3] when we directed judgment for the city on the ground that the plaintiff's amended complaint failed to set out a cause of action under 42 U.S.C. § 1983. The Supreme Court reversed,[4] holding that a § 1983

---

[1] The defendant Teamsters Union Local 145 was not held liable in the trial court's decision of August 29, 1988, and is therefore not a party to this appeal.

[2] The named plaintiff died on January 30, 1988, and his executrix was substituted as a party plaintiff. See *Tedesco* v. *Stamford,* 215 Conn. 450, 454 n.5, 576 A.2d 1273 (1990).

[3] See *Tedesco* v. *Stamford,* 20 Conn. App. 51, 563 A.2d 1046 (1989).

[4] See *Tedesco* v. *Stamford,* 215 Conn. 450, 576 A.2d 1273 (1990).

cause of action existed, and remanded the matter to us for further proceedings.[5]

The plaintiff in this case is a Stamford sanitation worker whose employment was terminated after he suffered a job related injury.[6] The plaintiff claims his constitutional right to due process of law was violated by the city's termination procedures. The facts and procedural history of this case are detailed in both prior opinions, and will not be repeated here.

Following the Supreme Court's remand, the parties filed supplemental briefs and reargued the case before this court. At reargument, the city claimed that a subsequent trial court judgment confirming an arbitration award between the city and the plaintiff's union rendered the present case moot.[7] We take judicial notice of the file in the arbitration case; see *State* v. *Lenihan*, 151 Conn. 552, 554, 200 A.2d 476 (1964); but disagree with the city's mootness argument.

An employee's rights under 42 U.S.C. § 1983 cannot be precluded by a decision in an arbitration proceeding. *Alexander* v. *Gardner-Denver Co.*, 415 U.S. 36, 94 S. Ct. 1101, 39 L. Ed. 2d 147 (1974). An arbitrator is limited to determining an employee's rights under a collective bargaining agreement, whereas the resolution of more difficult constitutional issues remains in

---

[5] Following oral argument to this court, both counsel sent letters to this court concerning the merits of the appeal. We strongly disapprove of these wholly unauthorized attempts to influence our decision, and adamantly refuse to consider the contents of the letters.

[6] On March 14, 1984, the plaintiff signed a final settlement with the workers' compensation commission acknowledging that he suffered a permanent partial disability of 47.5 percent of the use of his master arm. He received workers' compensation benefits, exclusive of medical bills, totaling $65,721.32. The plaintiff also received $16,000 in salary.

[7] The judgment confirming the arbitration award is *Stamford* v. *Local 145, Teamsters*, Superior Court for the judicial district of Stamford-Norwalk, Docket No. 87-0091745S (January 3, 1990).

the province of the courts. Id., 50. "[I]t is the informality of the arbitral procedure that enables it to function as an efficient, inexpensive, and expeditious means for dispute resolution. The same characteristic, however, makes arbitration a less appropriate forum for final resolution of [constitutional] issues . . . . " Id., 58. Although arbitration is peculiarly well suited to redressing grievances arising under a collective bargaining agreement, it does not furnish an alternative or substitute procedure for safeguarding § 1983 federal rights. *McDonald* v. *West Branch,* 466 U.S. 284, 292, 104 S. Ct. 1799, 80 L. Ed. 2d 302 (1984). Accordingly, we conclude that neither the arbitration proceedings nor the judgment confirming the arbitration award precludes this appeal.

At the time of trial, the trial court properly applied existing federal law to support its determination that the plaintiff was denied a constitutionally mandated pretermination hearing. Subsequent federal law, however, requires that this court reverse the trial court's decision.

The trial court relied on a 1985 United States Supreme Court decision that unquestionably establishes a right to a pretermination hearing. See *Cleveland Board of Education* v. *Loudermill,* 470 U.S. 532, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985). The plaintiff's termination, however, occurred more than four years before the *Loudermill* decision. The retroactive effect of *Loudermill* on terminations occurring before the date of that decision is reviewed in detail in *Zinker* v. *Doty,* 907 F.2d 357 (2d Cir. 1990). In *Zinker,* the Court of Appeals for the Second Circuit determined that *Loudermill* did not declare existing law, but rather established new law, and therefore pretermination hearings were not constitutionally mandated prior to the date of that opinion. Id., 363. Thus, the *Loudermill* decision cannot be applied retroactively to give the

plaintiff a right that he did not have at the time of his termination. Accordingly, the plaintiff had no right under federal law to a pretermination hearing when he was discharged in November of 1981.

The disposition of this federal pretermination claim does not end our analysis because the plaintiff also claims that he was entitled to a pretermination hearing under Stamford's city charter. The trial court's memorandum of decision failed to distinguish between pretermination rights secured by *Loudermill,* and pretermination rights secured by the city charter. The apparent reason for blending these issues stems from the fact that the Stamford city charter does not expressly provide for any pretermination hearing. The charter only requires that the discharged employee be given written notice specifically setting forth the reasons for the discharge.[8] Accordingly, we do not find that the plaintiff was entitled to a pretermination hearing under the city charter.

The next issue concerns the validity of the trial court's determination that the plaintiff was deprived of a meaningful posttermination hearing. Although the record reveals that the hearing afforded the plaintiff was constitutionally deficient, this violation by itself

---

[8] Section 740.1 of the Stamford city charter provides: "Wherever used in this Chapter, the word 'employee' shall mean all employees and officers of the City of Stamford, except elected officials and those persons appointed by the Mayor to serve at his pleasure. Any municipal employee may be suspended, demoted in rank or grade or discharged by the appropriate superior upon written notice specifically setting forth reasons. Notice in writing of such action shall be reported to the Personnel Director immediately. If such municipal employee intends to appeal the action, he shall notify, in writing, the Personnel Director and the Personnel Appeals Board of his intention within five working days of the date of such suspension or demotion. Within a reasonable time, which shall not exceed thirty (30) days of receipt of notification, the Board shall hold a hearing at which the employee may be represented by counsel. Said hearings shall be open or closed at the option of the employee."

does not support the trial court's award. It is well established that a plaintiff must prove more than a mere violation of a constitutional right in order to collect compensatory damages pursuant to 42 U.S.C. § 1983. *Carey* v. *Piphus,* 435 U.S. 247, 264, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978). He must demonstrate that the constitutional deprivation caused him some actual injury. *Wheatley* v. *Beetar,* 637 F.2d 863, 867 (2d Cir. 1980). Stated simply, an allegation of a 42 U.S.C. § 1983 violation is a tort action in which damages must be proved.

The plaintiff's employment in the present case was terminated because he was physically unable to perform the duties of his job. Both the record in this case, and the record in the arbitration proceedings, of which we took judicial notice, are replete with medical reports stating that the plaintiff could not return to work, and would never be able to return to his job in the future.[9] "[W]here a deprivation [of employment] is justified but procedures are deficient, whatever distress a person feels may be attributable to the justified deprivation rather than to deficiencies in procedure. . . . [T]he injury caused by a justified deprivation, including distress, is not properly compensable under § 1983." *Carey* v. *Piphus,* supra, 263. This is clearly a case where the deprivation of the plaintiff's job was justified although the termination procedure utilized by the defendant was arguably deficient.

The plaintiff's employment would have been terminated regardless of whether the city afforded him a constitutionally proper hearing. He is not entitled to compensation for "the abstract value of a constitutional right" in a § 1983 action. *Memphis Community School District* v. *Stachura,* 477 U.S. 299, 308, 106 S. Ct. 2537,

---

[9] The plaintiff's argument that he might become physically able to return to a different job (as a truck driver) is irrelevant.

91 L. Ed. 2d 249 (1986). The Supreme Court held, in *Stachura,* that "[d]amages based on the abstract 'value' or 'importance' of constitutional rights are not a permissible element of compensatory damages in such cases." Id., 310.

Although the federal circuits do not agree on this issue, the Second Circuit is among those interpreting *Carey* as requiring a plaintiff to prove causation between the constitutional deprivation and any purported injury. The Second Circuit held that it was reversible error not to instruct a jury to award only nominal damages if the jury finds a complainant would have been discharged even if he had received procedural due process. *Stein* v. *Board of New York Bureau of Public Transportation,* 792 F.2d 13, 18–19 (2d Cir.), cert. denied, 479 U.S. 984, 107 S. Ct. 572, 93 L. Ed. 2d 576 (1986). "[B]ack pay is not recoverable when the employer can show that the discharge would still have occurred absent procedural [due process] defects." *Wheeler* v. *Mental Health & Mental Retardation Authority,* 752 F.2d 1063, 1071 (5th Cir.), cert. denied, 474 U.S. 824, 106 S. Ct. 78, 88 L. Ed. 2d 64 (1985). If a plaintiff's discharge is justified, he is precluded from recovering for procedural deprivation, lost pay or lost retirement fund contributions as elements in his claim for damages. *Burt* v. *Abel,* 585 F.2d 613, 616 (4th Cir. 1978).

Upholding the trial court's award in the present action would constitute a windfall, rather than compensation, for the plaintiff. See *Carey* v. *Piphus, supra,* 260. The plaintiff in the present case is not entitled to recover anything greater than nominal damages for the justified deprivation of an interest protected by the constitution. Id., 266. We therefore conclude that the plaintiff is entitled to one dollar for the failure of the city to afford him a constitutionally adequate posttermination hearing.

In light of this court's reversal of the plaintiff's compensation award, we now must consider whether the trial court's award of approximately $47,000 in attorney's fees was proper. An award of nominal damages does not bar the plaintiff from recovering attorney's fees in a § 1983 action.[10] *McCann* v. *Coughlin,* 698 F.2d 112, 128 (2d Cir. 1983). The issue before this court, however, is whether the plaintiff's counsel must submit contemporaneous time records or if reconstructed time sheets are sufficient to recover attorney's fees.[11] Because the courts of Connecticut have not passed on this issue we turn to the federal courts for guidance. Although the federal circuits disagree, Connecticut is located in the Second Circuit, which requires contemporaneous time records. "Hereafter, any attorney . . . who applies for court-ordered compensation in this Circuit for work done . . . must document the application with contemporaneous time records." *New York Assn. for Retarded Children, Inc.* v. *Carey,* 711 F.2d 1136, 1148 (2d Cir. 1983). "Contemporaneous time records are important for a number of reasons. The court must have a basis for checking on the requested fee and determining whether the hours claimed were productively spent. Also, in cases where an adjustment in the fee petition is warranted to reflect claims upon which a plaintiff did not prevail, the court must have some means of discerning how many hours were spent on each of the claims. Without access to daily time sheets or other documentation, this task becomes largely speculative." *McCann* v. *Coughlin, supra,* 131.

---

[10] Awards of attorney's fees are provided for in § 1983 actions pursuant to 42 U.S.C. § 1988. This section states in relevant part, "[i]n any action or proceeding to enforce a provision of [section 1983 of this title,] the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."

[11] In the present case the plaintiff's attorney did not produce contemporaneous time records, but rather introduced reconstructed time sheets into evidence.

The decisions of the federal circuit in which a state court is located are entitled to great weight in the interpretation of a federal statute. This is particularly true in 42 U.S.C. § 1983 cases, where the federal statute confers concurrent jurisdiction on the federal and state courts. It would be a bizzare result if this court sanctioned reconstructed time sheets in § 1983 actions when in another courthouse, a few blocks away, the federal court, being bound by the Second Circuit rule, required contemporaneous records. We do not believe that when Congress enacted the concurrent jurisdiction provision of § 1983 that it intended to create such a disparate treatment of plaintiffs depending on their choice of a federal or state forum. We hold that the plaintiff's failure to produce contemporaneous time records precludes the trial court's award of attorney's fees, and therefore that award is vacated. *Lewis* v. *Coughlin,* 801 F.2d 570 (2d Cir. 1986).

The judgment of the trial court, including the award of attorney's fees, is reversed, and the case is remanded with direction to render judgment awarding the plaintiff one dollar.

In this opinion the other judges concurred.