[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has moved the court to reconsider its earlier decision granting defendant Lotto's motion to dismiss the sixth count of the plaintiff's complaint. The motion to dismiss was granted on the ground that defendant was not named as a respondent in plaintiff's charge with the Equal Employment Opportunity Commission (EEOC) and was therefore also not named in the right to sue letter issued by the EEOC. The plaintiff alleges the following facts in her amended complaint.
The plaintiff had been an employee of defendant Bic Corporation (Bic) since 1978. In 1990, defendant Lotto became plaintiff's supervisor and began a campaign of sexual harassment, including making sexual advances towards the plaintiff, making sexually explicit comments and suggestions to the plaintiff and treating her differently than males in her department in relation to her job functions. Although the plaintiff complained to other managers and supervisors of Lotto's behavior, no action was taken by Bic to stop Lotto's inappropriate behavior. Eventually, because of the hostile and offensive working environment, plaintiff was forced to leave Bic in December of 1990 and has remained on unpaid disability leave. The plaintiff filed a complaint with the state Commission on Human Rights and opportunities (CHRO) and the EEOC. In each case, only Bic was CT Page 7788 listed as a respondent. The EEOC issued a right to sue letter, which only named Bic, to the plaintiff in January of 1992. She subsequently filed this action.
On April 2, 1992 Lotto filed a motion to dismiss, inter alia, count six of the plaintiff's complaint, a sexual harassment claim brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e
et seq. This court granted the motion to dismiss the sixth count on the ground that "[o]nly parties previously identified as respondents in charges filed with the EEOC are subject to subsequent liability under Title VII." Memorandum of decision, p. 25, April 6, 1993, quoting Terrell v. United Pipe Foundry Co., 644 F.2d 1112, 1122 (5th Cir. 1981). On May 3, 1993 the plaintiff filed a motion to reconsider the court's decision dismissing the sixth count. The court does grant the motion to reconsider.
Although a court should not lightly overrule its previous rulings, "it is more important that the court should be right upon later and more elaborate consideration of the cases than consistent with previous declarations." (Citation omitted). White v. Burns, 213 Conn. 307, 336 (1990). Although it is generally true that failure to name a respondent in an EEOC charge will later act as a jurisdictional bar to a civil suit against the unnamed defendant, several federal circuits, including the Second Circuit, have developed an exception known as the "identity of interest" exception to the requirement that a defendant be named in the EEOC charge, and a test to determine whether the exception is appropriate in a particular case. Johnson v. Palma, 931 F.2d 203 (2d Cir. 1991).
 The decisions of the federal circuit in which a state court is located are entitled to great weight in the interpretation of a federal statute. This is particularly true . . . where the federal statute confers concurrent jurisdiction on the federal and state courts. It would be a bizarre result if this court sanctioned [one method] when in another courthouse, a few blocks away, the federal court, being bound by the Second Circuit rule, required [another method].
Tedesco v. Stamford, 24 Conn. App. 377, 385 (1991). Accordingly, this court is constrained to apply the test as employed in this CT Page 7789 circuit to determine whether the exception to the "naming requirement" applies.
The requirement that a defendant be named in the charge to the EEOC serves a twofold purpose: "(1) to provide actual notice of the pending complaint to those alleged to have committed the violations and (2) to provide the charged parties an opportunity to seek a resolution of the matter without resort to the federal courts." Bapat v. Connecticut Dept. of Health Services,815 F. Sup. 525, 530 (D.Conn. 1991). But "[b]ecause these charges are generally filed by parties not versed in the vagaries of Title VII and its jurisdictional and pleading requirements, we have taken a flexible stance in interpreting Title VII's procedural provisions so as not to frustrate Title VII's remedial goals." (Citation and internal quotations marks omitted). Johnson, supra, 209. This limited "identity of interest" exception, first articulated in the seminal case of Glus v. G.C. Murphy Co., 562 F.2d 880 (3d Cir. 1977), vacated and remanded on other grounds, 451 U.S. 935, 101 S.Ct. 2013, 68 L.Ed.2d 321
(1981), is appropriate in "an action against a party not named as a respondent in the EEOC complaint if the underlying dual purposes of the [naming] requirement are otherwise satisfied." Maturo v. National Graphics, Inc., 722 F. Sup. 916, 925
(D. Conn. 1989)
The underlying dual purposes of the naming requirement are satisfied if there exists an identity of interest between the named and unnamed parties sufficient to "excuse a Title VII plaintiff's failure to name a defendant in the EEOC complaint." Johnson, supra. The courts apply the following four factors to determine whether there exists a sufficient identity of interest:
 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of the named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the CT Page 7790 complainant is to be through the named party.
Johnson, supra, 209-210, quoting Glus, supra, 888. The test is essentially a balancing test; no one factor is dispositive.
In this case, for instance, the first factor obviously weighs against the plaintiff. She clearly could have ascertained Lotto's role in the alleged discrimination; according to the allegations in the complaint, his actions were in fact the basis for the EEOC charge. Many courts finding that this factor weighs against the plaintiff, nevertheless have held that the exception applies after application of the other three factors. See, e.g., Bapat, supra, 530; Kouri v. Todd, 743 F. Sup. 448, 450-451
(E.D. Va. 1990); Scott v. City of Overland Park, 595 F. Sup. 520, 524
(D.Kan. 1984); McAdoo v. Toll, 591 F. Sup. 1399, 1404 (D.Md. 1984). Therefore, it is necessary to apply the other three factors.
The interests of Lotto and Bic are certainly similar for purposes of voluntary conciliation and compliance. In Maturo, supra, and Bapat, supra, both cases involved facts similar to the instant case. The plaintiffs in those cases failed to name in the EEOC charge the individuals responsible for the alleged discriminatory acts. In both cases the courts held that the interests of the named corporate parties were substantially similar to the unnamed individual defendants. Maturo, supra; Bapat, supra. This court cannot reach a different conclusion in this case whose facts so closely parallel the facts in those two cases from this circuit. Therefore, the second factor weighs against Lotto.
Similarly, the third factor also weighs against Lotto. Lotto has not demonstrated any prejudice which resulted from not being named in the EEOC charge. Any EEOC investigation would necessarily have to have included Lotto as he was alleged to have created the hostile and offensive working atmosphere. It is difficult to perceive any prejudice to Lotto which resulted from his not being named in the EEOC charge. See also Maturo, supra; Bapat, supra.
The fourth factor either weighs against Lotto or, at best, is neutral. Some courts have held that if the unnamed defendant had supervisory authority over the plaintiff, then the fourth prong is satisfied. "[A]t the time the EEOC charge was filed, it was reasonable for the plaintiff, untrained in the technicalities CT Page 7791 of the law, to have assumed that the defendant['s] relationship with him was through [the named corporate defendant]." Figures v. Board of Public Utilities of Kansas City, 731 F. Sup. 1479, 1482
(D.Kan. 1990). See also Maturo, supra (identity of interest "fostered by [unnamed individual defendant's] representatins [representations] of authority over plaintiff").
Upon application of the test, it becomes apparent that there exists a sufficient identity of interest between the named and unnamed parties to excuse plaintiff's failure to name Lotto in the EEOC charge. In fact, a review of federal case law indicates that where the unnamed defendant was alleged in the body of EEOC charge to be the harasser, as here, application of the Glus test always results in there being an identity of interest sufficient to excuse plaintiff's failure to name that defendant in the EEOC charge. See, e.g., Sosa v. Hiraoka, 920 F.2d 1451 (9th Cir. 1990); Kouri, supra; Wangler v. Hawaiian Electric Co., Inc.,742 F. Sup. 1458 (D.Haw. 1990); Wasilchuck v. Harvey Wagon Wheel Inc., 610 F. Sup. 206 (D.Nev. 1985): Vermett v. Hough,606 F. Sup. 732 (W.D. Mich. 1984); Dickey v. Greene, 603 F. Sup. 102
(E.D.N.C. 1984); McAdoo, supra.
"So far as the record discloses, her failure to name him in the administrative charge is attributable to understandable ignorance of the naming requirement, excusable neglect, or an agency's error in completing a charge on the basis of facts supplied by the claimant." Kouri, supra. As that court noted, "[n]ot infrequently, the failure to name more than one respondent in the administrative charge is simply a function of the charge forms given to lay claimants." Id., n. 5. In this case, it should be noted that the CHRO form, which also formed the basis of the EEOC charge, only provides for one respondent. Under these circumstances, an exception to the naming requirement is sufficiently justified. Therefore, the court's earlier decision granting Lotto's motion to dismiss the sixth count for failure to name Lotto in the EEOC charge is vacated, and the motion to dismiss is denied, for the reasons stated herein.
Howard F. Zoarski, Judge