[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR ATTORNEY's FEES
This matter returns to this court with direction from the Appellate Court to award damages in the amount of $4,000 CT Page 9065 and to determine reasonable attorney fees.
The plaintiff appeared by counsel on August 16, 1993, on its motion for judgment in accordance with the Appellate Court decision. Plaintiff's counsel submitted a short affidavit attesting to the conclusion that $9,010.12 was a reasonable attorney fee. The affidavit contained no information about the number of hours, or, alternately, of units of work, expended by the plaintiff's law firm, nor did it contain an assignment of the rate charged for any time or unit, other than to aver that rates ranged "from $65.00 per hour to $145.00 per hour."
The court noted that it was dissatisfied with the conclusionary nature of the affidavit and invited plaintiff's counsel to submit whatever underlying documentation counsel felt was necessary to support a finding that that fee was fair and reasonable. Ordinarily this would include a specific list from contemporaneous time records of the date, staff member's name and billing rate, type of task, and length of time for work expended throughout the litigation.
Instead, on August 19, 1993, plaintiff's counsel submitted copies of billing records it sent to its client containing periodic summaries of work done. The court is still unable to tell from these documents whether the fee is reasonable. The documents contain no information on number of hours or on rates of those performing services. The court is at a loss to judge whether work was unnecessarily duplicated, performed unnecessarily or the like.[1]
For example, at some point between November 1, 1992, and April 30, 1993, someone connected with plaintiff's counsel gave "consideration of responses to appellee's brief." Who? For how long? At what billing rate? Did more than one person bill for the same task? "Contemporaneous time records are important for a number of reasons. The court must have a basis for checking on the requested fee and determining whether the hours claimed were productively spent." McCann v. Coughlin, 698 F.2d 112,131 (2d Cir. 1983).
Nevertheless plaintiff was billed $5,642 for services and $1,299.05 in disbursements (not including those which appear to be recoverable as costs), for a total fee of $6,941.05. In addition, the plaintiff requests a fee of $500 for preparation of the attorney fee documents and attendance at the short calendar hearing on CT Page 9066 this motion.
Were the request for attorney fees premised on 42 U.S.C. § 1988, it appears now to be the rule in Connecticut that the plaintiff's failure to produce contemporaneous time records absolutely bars an award by the trial court of attorney fees. Tedesco v. Stamford, 24 Conn. App. 377 (1991), rev'd. on other grounds,222 Conn. 233 (1992).
This is a determination of reasonable fees under a contract, however, so that this court need not follow the harsh rule first announced in New York Association of Retarded Children, Inc. v. Carey, 711 F.2d 1136 (2nd Cir. 1983) and apparently adopted in Tedesco, supra. The court does, however, exercise its discretion to reduce the requested fees by 25% for the failure of the plaintiff to submit appropriate records. Further, the court declines to award any fee for time spent preparing and prosecuting the fee application. See, e.g., Lewis v. Coughlin, 801 F.2d 570, 577 (2d Cir. 1986).
The court awards a total of $6,504.80 for attorney fees and disbursements. Cost may be taxed as usual.
Pittman, J.