[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' WHETHER AFTER HEARING DURING WHICH VIOLATIONOF RIGHTS UNDER TITLE 42 U.S.C. § 1983 IS NOT ADJUDICATED THEPREVAILING PARTY MAY PETITION FOR COUNSEL FEES
On February 2, 1996, plaintiff, Doris Galberth, filed an application for an order to show cause and verified complaint with the Housing Division of the Superior Court at New Haven seeking to permanently enjoin the defendant Housing Authority of New Haven (HANH), from terminating her Section 8 housing benefits. The plaintiff also requested retroactive benefits from the date of termination.
The plaintiff's verified complaint alleged that HANH notified her of its intention to terminate her Section 8 housing benefits effective; April 15, 1995 because of its claim that she is committing fraud by permitting her son, as her landlord, to live in her apartment in violation of a requirement in the Section 8 housing program. The plaintiff was informed that she could dispute HANH's decision by sending a written request for an informal hearing within ten calendar days from the date of the letter. The plaintiff personally did not send a timely written request because CT Page 4731 of her knowledge that her son submitted a certain document which he considered as proof that he did not reside with her. When the plaintiff realized that the document did not convince HANH to restore her benefits, she mailed a written request for an informal hearing. HANH denied her request because it was not received within the ten day time period.
The plaintiff has denied that she committed fraud. Furthermore, the plaintiff has alleged in her verified complaint that HANH's acts "evidence a malicious and willful disregard of her rights under the section 8 housing program and relevant government regulations."
On February 15, 1996, the court conducted a hearing on the plaintiff's verified compliant, and concluded that there was no evidence that she committed the alleged fraud. During the hearing the plaintiff did not verbally claim that the defendant's actions violated her rights as secured by Title 42 U.S.C. § 1983, nor did the court adjudicate such a claim. At the conclusion of the hearing the court ordered HANH to restore the plaintiff's benefits, retroactively, to the date of termination.
On March 1, 1996 the plaintiff filed an application for counsel fees pursuant to 42 U.S.C. § 1988. The plaintiff claims that her application is based upon the court judgment — rendered after the February 15, 1996 hearing — that she is ". . . the prevailing party in an action brought to vindicate rights secured to her under the Federal Constitution and Statutes, which rights were deprived by the defendant in violation of 42 U.S.C. § 1983.
Title 42 U.S.C. § 1988 provides in pertinent part that "[i]n any action or proceeding to enforce a provision of . . . [42 U.S.C. § 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Title 42 U.S.C. § 1983
states in pertinent part that "[e]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." While Title 42 U.S.C. § 1983 does not create a substantive right, it does provide an express cause of action to redress deprivations, by state officials, of rights secured by CT Page 4732 federal statutes. Maine v. Thiboutot, 448 U.S. 1, 100 S.Ct. 2505,65 L.Ed.2d 555 (1980).
There are two essential considerations in a Section 1983 claim: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Fusco v.Connecticut. 815 F.2d 201, 205 (2nd. Cir. 1987), cert. denied,484 U.S. 849, 108 S.Ct. 149, 98 L.Ed.2d 105 (1987)."
 To state a cause of action under § 1983, a plaintiff must allege that a deprivation of federal rights has occurred under color of any statute, ordinance, regulation, custom or usage . . . . The touchstone of a § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution . . . . (Internal citations omitted) "[M]unicipal liability under § 1983 attaches where — and only where — a deliberate choice to follow a course of action is made from among various alternatives" by city policymakers (citation omitted.) In addition, § 1983 also authorizes suit for constitutional deprivations visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels." (Brackets omitted; citations omitted; internal quotation marks omitted.)
 Tedesco v. Stamford, 215 Conn. 450, 456, 576 A.2d 1273
(1990), on remand, 24 Conn. App. 377, 588 A.2d 656
(1991), cert. granted in part, 219 Conn. 910, 593 A.2d 137, cert. granted in part, 219 Conn. 911, 593 A.2d 137, rev'd on other grounds, 222 Conn. 233, 610 A.2d 574
(1992).
The plaintiff cites Maine v. Thiboutot, 448 U.S. 1 (1979) in support of her position that her verified complaint alleges a cause of action pursuant to 42 U.S.C. § 1983. In Maine v. Thiboutot,
supra, the United States Supreme Court affirmed a decision of the Supreme Court of Maine which upheld an award of attorney's fees under the federal civil rights act to persons who proved at trial CT Page 4733 that the State of Maine improperly terminated a portion of benefits to which they were entitled under the federal social security act. In Triboutot, supra, the trial court found that a state regulation violated the Social Security Act; the trial court enjoined the state from enforcing its regulation, and ordered Maine to adopt new regulations and to pay benefits consistent with the provisions of the Act. In upholding the award of counsel fees to the prevailing parties the U.S. Supreme Court in Triboutot, ruled that Title 42 U.S.C. § 1983 — which provides that anyone who, under color of state statute, regulation, or custom deprives another of any rights, privileges, or immunities "secured by the Constitutionand laws" shall be liable to the injured party — encompasses claims based unpurely statutory violations of federal law, such as respondents' state-court claim that petitioners had deprived them of welfare benefits to which they were entitled under the federal Social Security Act. Id. pp 7-11. At the trial level, the plaintiffs had alleged specifically in their complaint that a rule of the State of Maine violated the federal act. Furthermore, they had claimed relief in their complaint under § 1983 for themselves and others similarly situated. Id.
A review of the verified complaint in the instant case shows clearly that it does not contain an express allegation that the actions of the HANH violated plaintiff's rights under Title42 U.S.C. § 1983. This court finds that although the plaintiff's complaint does include a conclusory allegation that HANH's acts "evidence a malicious and willful disregard of the plaintiff's rights under the section 8 housing program and relevant government regulations," the plaintiff at the hearing did not raise the issue of whether her deprivation constituted a violation of Title42 U.S.C. § 1983, and the court did not adjudicate any such claim.
Accordingly, upon the foregoing authorities the court denies the plaintiff's application for counsel fees.
Clarance J. Jones, Judge