[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In April, 1997, the court entered judgment in this action in favor of the defendants on the second count of their counterclaim, which alleges that the plaintiff intentionally CT Page 7258 inflicted emotional harm on the defendants. The court found at that time that an award of punitive damages was warranted and scheduled a supplemental hearing for evidence as to the amount of punitive damages to be awarded. That hearing has been held and the court is now ready to enter a supplemental judgment awarding punitive damages.
In Connecticut punitive damages are limited to the prevailing party's litigation expenses less taxable costs. Berry v. Loiseau,223 Conn. 786, 827 (1992). Litigation expenses can include nontaxable disbursements "reasonably necessary to prosecuting the action.
At the hearing on punitive damages, the defendants offered evidence of having incurred litigation expenses comprised of attorney's fees and expenses for the preparation of a survey of the defendants' property. Attorney James Ryan charged the defendants $3850 (38.5 hours at a reduced hourly rate of $100 per hour) for consultations prior to the filing of this action and for representation of the defendants with respect to this suit until just before trial. Attorney Fred Krug entered his appearance and represented the defendants in the trial of this action. His fee totalled $16,500 based on the time which he expended billed at $165 per hour. The defendants also incurred an expense of $2455 for the preparation of a survey of their property during the summer of 1992.
The plaintiff has objected to the attorney's fees which are claimed on the ground that they are not supported by contemporaneous time records. She also objects to the survey expense and to most of Ryan's fees on the basis that fees and expenses incurred prior to the filing of suit are not properly includable within an award for punitive damages. The plaintiff further objects to Ryan's fees on the basis that he did not have a written fee agreement with his clients, the defendants.
The court begins by noting that the defendants' claim for infliction of emotional distress was one of several claims alleged by the parties in the pleadings and heard by the court at trial. The first count of the plaintiff's complaint set forth her claim for adverse possession of a strip of land owned of record by the defendants. The second count alleged that the defendants intentionally inflicted emotional distress on the plaintiff. The defendants filed a two count counterclaim. The first count sought judgment locating the boundary between the plaintiff's property CT Page 7259 and the defendant's property. The second count was for intentional infliction of emotional distress. All four claims were heard at trial. The courts award of punitive damages was on the second count of the counterclaim only and the punitive damages to be awarded must be limited to the litigation expenses which relate only to that claim. In Berry v. Loiseau, supra,223 Conn. 790, the plaintiff prevailed on two counts of his complaint, one for assault and battery, the second for intentional infliction of emotional distress. The court awarded punitive damages on the emotional harm count only. The defendants in that case contended that the plaintiff's evidence of litigation expenses failed to show that the expenses had been incurred with respect to the emotional harm count only. Our Supreme Court responded favorably to the defendants' argument, stating, "[o]n remand, the trial court is to consider any evidence that the plaintiff submits regarding non-taxable costsincurred in the prosecution of his intentional infliction ofemotional distress claim." (Emphasis added.) Id., 833.
The survey expense which was incurred by the defendants in this case related to the plaintiff's adverse possession claim and the defendants' boundary claim and not to the defendants' infliction of emotional distress claim. Therefore, this expense cannot be included in the punitive damages award.
The evidence as to the attorney's fees incurred by the defendants for this suit did not provide an allocation of the fees among the several claims heard by the court at trial. The court has reviewed the testimony and exhibits to determine whether a reasonable allocation of the fees can be made based on the evidence presented. The court finds that it cannot make such an allocation with respect to Ryan's fees. With respect to Krug's fees, the court can make such an allocation. A description of the legal services provided by Krug was admitted as an exhibit. The description shows the services which he rendered to the defendants by date with a brief description of the service and the amount of time which he devoted to it. The exhibit shows that he spent fourteen hours researching and writing the defendants' trial brief. The brief, which is in the court file, is thirty pages long. Half the brief is devoted to the defendants' boundary line claim and the remaining half addresses the defendants' infliction of emotional distress claim. The court therefore attributes half the time spent on the brief, seven hours, to the emotional distress claim. The exhibit also shows one hour of time on November 19, 1996 spent for "[c]onsideration of attorneys' CT Page 7260 fees issue, if punitive damages are awarded;" and one hour of time on April 25, 1997 for the supplemental hearing on punitive damages. Both those hours are attributed by the court to the emotional distress claim.
The trial in this matter took four days. Krug recorded twenty-eight hours of trial time. The defendants presented the testimony of four witnesses on their claim for intentional infliction of emotional distress: David Pavlick, Patricia Pavlick, Pauline Mansfield and James Mansfield. Based on a review of the transcripts of all four days of trial, the court allocates two hours of trial time for the defendants' presentation of their claim for intentional infliction of emotional distress. The court therefore finds that Krug rendered eleven hours of legal service in connection with the defendants' emotional harm claim. The court further finds that both the number of hours expended on the claim and the hourly rate of $165 are reasonable. The plaintiff's only objection to attorney's fees based on Krug's time is that he failed to produce any contemporaneous time records to support his calculations as to the time he spent on the matter. The exhibit which details the services rendered by Krug states that it is a summary of contemporaneous time records, although the records were not offered into evidence. The plaintiff never asked Krug or subpoenaed him to produce those records.
The plaintiff relies on Tedesco v. Stamford,24 Conn. App. 377 (1991), for support for her contention that the court cannot make an award for attorney's fees where the party seeking such fees fails to produce contemporaneous time records.Tedesco was brought under 42 U.S.C. § 1983 and the plaintiff sought an award of attorney's fees under 42 U.S.C. § 1988. The Appellate Court noted that no Connecticut court had yet ruled on whether contemporaneous time records were required for an award of attorney's fees in a § 1983 action and it therefore relied on NewYork Assn. for Retarded Children, Inc. v. Carey, 711 F.2d 1136
(2d Cir. 1983), a § 1983 action where the Second Circuit held that contemporaneous records were required. The Appellate Court stated that the Second Circuit case was entitled to special weight because it was interpreting a federal statute. Tedesco v.Stamford, supra, 24 Conn. App. 385.
Tedesco is readily distinguishable from the present case. This court is not awarding attorney's fees in a § 1983 action. Instead, the issue before this court is an award of punitive damages pursuant to Connecticut common law. The purpose of CT Page 7261 punitive damages in our state is to fully compensate a victim for the harm which he or she has suffered. Berry v. Loiseau, supra,223 Conn. 827. This beneficial purpose should not be frustrated by the defendants' failure to offer into evidence contemporaneous time records which exist, but which were not sought by the plaintiff.
A supplemental judgment is entered for the defendants on the second count of their counterclaim for punitive damages of $1815, representing eleven hours of legal services rendered at an hourly rate of $165.
Vertefeuille, J.