DENNIS HACKBARTH ET AL. *v.* ROBERT
HACKBARTH
(AC 19752)

Lavery, C. J., and Dranginis and Dupont, Js.

---

Argued January 17—officially released March 27, 2001

*Thomas F. Brown,* for the appellant (defendant).

*Kristen S. Rufo,* for the appellees (plaintiffs).

Opinion

DUPONT, J. The plaintiffs, Dennis Hackbarth and Arlene Hackbarth, a majority of the trustees of a trust, sought an injunction requiring the third trustee, their brother, the defendant, Robert Hackbarth, to comply

with a use arrangement that the plaintiffs had adopted for the management of the trust res, a summer cottage. The plaintiffs also sought damages. A temporary injunction issued, and subsequently, after a trial to the court, the court rendered judgment granting a permanent injunction.[1]

On appeal, the defendant claims that (1) the plaintiffs should not have brought the action against him as a trustee, (2) the court should have joined all of the beneficiaries as defendants, (3) the exclusive use arrangement contravenes the clear language of the trust agreement, (4) the court improperly concluded that the plaintiffs did not have to prove the allegations of the complaint when seeking injunctive relief and (5) the court abused its discretion in granting injunctive relief. We affirm the judgment of the trial court.

The resolution of this appeal hinges on the interpretation of the trust agreement (agreement), and on the allegations of the complaint and the special defenses. The settlor of the trust was the father of the plaintiffs and the defendant.

The plaintiffs' complaint was accompanied by a copy of the agreement and referred to it in some of the paragraphs of the complaint. The one count complaint alleged the following: The plaintiffs and the defendant were the three trustees; the trust's purpose was to allow the members of the Hackbarth family, as beneficiaries, to use a summer cottage; the administration of the trust was by a vote of the majority of the trustees; the trustees were to manage the trust property; an arrangement that allowed all beneficiaries full and unrestricted access to the property, was unworkable and inequitable because of overcrowding, unpredictability of use, lack of privacy and lack of quiet enjoyment and caused disagreements

---

[1] The court did not award damages. The plaintiffs did not present any evidence of damages and relied solely on the equitable relief of an injunction.

and dissatisfaction among the beneficiaries; the plaintiffs, as a majority of the trustees, adopted an exclusive use arrangement for the duration of the trust during July and August to ensure an equitable opportunity for all beneficiaries to use the cottage, which arrangement divided July and August into four segments of two weeks each during which the families of four siblings, namely, the two plaintiffs, the defendant and the heirs of a deceased sibling, would have exclusive use of the cottage.

The defendant asserted seven special defenses. They were that (1) the plaintiffs should not have brought the action against the defendant as a trustee, (2) the plaintiffs as trustees did not act fairly and in the best interests of the beneficiaries, (3) the plaintiffs acted in their own self-interest, contrary to their fiduciary responsibilities as trustees, (4) the plaintiffs have to prove fair dealing with the property of the trust and the beneficiaries by clear and convincing evidence, (5) the plaintiffs as trustees did not act in good faith, (6) the beneficiaries of the trust are indispensable parties and were not made parties, and (7) the adoption of the arrangement violates the constitutional rights of the beneficiaries.[2]

The dispute centers around whether the trust allowed a majority of the trustees, namely, the plaintiffs, to enter into the exclusive use arrangement and, if so, whether the arrangement comported with the agreement and with the principles governing the action of trustees. The defendant also claims that the plaintiffs did not prove the irreparable harm necessary for the granting of injunctive relief.

The facts as alleged in the plaintiffs' complaint, other than those relating to the use arrangement, are undis-

---

[2] The defendant does not claim on appeal that the arrangement affected any constitutional right of the beneficiaries.

puted. The following additional facts are also undisputed and relevant to the issues. At any time other than July and August, all beneficiaries may use the cottage, which is not winterized. The defendant lives in Madison, one plaintiff lives in Connecticut and the other plaintiff lives in California. The trust term is fifteen years unless sooner terminated or extended by the unanimous vote of the settlor and the trustees. Upon termination of the trust, the property shall be sold and divided into four shares, one share each to the two plaintiffs and to the defendant, and one share to the living issue of a fourth sibling who had died before the execution of the agreement. The cottage has four rooms, two porches, no heat, water from a tank that collects rainwater and a chemical toilet. The cottage is located on a beach and at high tide, the water comes up to the house. The living room is approximately fifteen feet by twenty feet, and the kitchen is approximately fifteen feet by fifteen feet. The two bedrooms are on the second story. The cottage can sleep three people.

I

The defendant's first two claims on appeal are that the plaintiffs should not have brought the action against him as a trustee, and that the beneficiaries of the trust are indispensable parties "to this action and they have not been served and made parties." According to the defendant, those claims are interrelated, because if the plaintiffs should have sued the defendant as a beneficiary and did not, we should either dismiss the case or conclude that the plaintiffs should have made all the other beneficiaries parties. We agree with the court in its conclusion that the plaintiffs sued the defendant individually as a beneficiary and that they can maintain a suit without suing all of the beneficiaries of the trust.

A

The defendant claims that he asserts a right to use the cottage at will because he is a beneficiary, and not

in his capacity as a trustee. The temporary injunction ordered the defendant, as trustee, to "comply fully with the exclusive use arrangement" and to "refrain from interfering in any way with the implementation of the exclusive use arrangement as adopted by the majority of the trustees." The permanent injunction, which is the subject of this appeal, however, enjoins the "defendant from using the cottage . . . during the months of July and August . . . except in accordance with the arrangements adopted by the majority of the trustees." The permanent injunction does not, therefore, describe the defendant as trustee.

In his testimony at trial, the defendant stated that it was in his capacity as a beneficiary that he refused to follow the exclusive use arrangement without a court issuing an injunction against him. We have examined the entire transcript of the defendant's testimony. The pleadings and his testimony lead us to conclude that the plaintiffs sued the defendant as a beneficiary and not as a trustee. See *United Components, Inc.* v. *Wdow-iak*, 239 Conn. 259, 264, 684 A.2d 693 (1996). The interpretation of pleadings is a question of law to be determined by the language of the pleadings and the basic nature of the underlying factual situation. Id. Here, the defendant's own testimony and the words of the complaint indicate that the plaintiffs sued the defendant individually, as a beneficiary of the trust.

The complaint does not seek to prevent the defendant from acting or refusing to act as a trustee, but seeks to prevent him from refusing to comply with the majority of the trustees' action and from defying the trustee's action "to the detriment of the *remaining beneficiaries*." (Emphasis added.) Although another paragraph of the complaint states that the defendant's behavior violates his responsibility as a trustee to abide by the terms of the trust, that language can be read to mean that he refuses to abide by the majority rule of the

trustees as required by the trust agreement, thereby irreparably harming the beneficiaries of the trust. The plaintiffs litigated the case on its merits against the defendant as a beneficiary, and any variance between the allegations of the complaint and the proof at trial are deemed waived. *Tedesco* v. *Stamford*, 215 Conn. 450, 462–63, 576 A.2d 1273 (1990), on remand, 24 Conn. App. 377, 588 A.2d 656 (1991), rev'd, 222 Conn. 233, 610 A.2d 574 (1992).

Even if the plaintiffs sued the defendant as a trustee, trust law "permits one trustee to bring an action against his cotrustees . . . to enjoin them from committing a breach of trust . . . ." *Belcher* v. *Conway*, 179 Conn. 198, 206, 425 A.2d 1254 (1979). The defendant testified that he had informed the plaintiffs that he would not agree to the arrangement and, if they adopted it, he would not abide by it.

### B

General Statutes § 52-106 provides that "[a]n executor, administrator, or trustee of an express trust may sue or be sued without joining the persons represented by him and beneficially interested in the action." The beneficiaries of a trust need not be joined in an action brought by a trustee. *Investors Mortgage Co.* v. *Rodia*, 31 Conn. App. 476, 479–80, 625 A.2d 833 (1993). In this case, all of the beneficiaries received written notice of the pending lawsuit,[3] and many of them were witnesses

---

[3] The subject of the trust, the beach cottage, according to the trust agreement was to "be maintained and used as a summer residence for the members of the Hackbarth family." Those who received notice of the lawsuit included all of the children of the plaintiffs, all of the children of the defendant and all of the children of the parties' deceased sibling. In a broad sense, they are all beneficially interested in the trust. The agreement itself, however, defines the members of the Hackbarth family as "the settlor, his spouse [now deceased], the settlor's issue and *their* legal heirs." (Emphasis added.) Strictly speaking, it is only the deceased child of the settlor who has legal heirs. The children of the living issue of the settlor would not be beneficiaries pursuant to the definition.

at the trial. The settlor of the trust also had notice of the suit and attended the trial. The defendant did not seek to join any beneficiary as an indispensable or necessary party, and no beneficiary sought to join the action. See General Statutes §§ 52-107, 52-108. We conclude, therefore, that the defendant's first two claims must fail.

II

We now address the defendant's remaining claims on appeal. They relate to whether the use arrangement established by the plaintiffs, as a majority of the trustees, comported with the provisions of the trust agreement and with the general fiduciary obligations of trustees, and whether the court correctly rendered a judgment granting a permanent injunction.

It is evident that the trust agreement granted a majority of the trustees the right to act for the benefit of the beneficiaries. Article V of the trust agreement provides that the administration of the trust "shall be by vote of a majority of the trustees." Furthermore, where there are multiple trustees, only a majority can exercise the powers conferred on them. *Belcher* v. *Conway*, supra, 179 Conn. 206. General Statutes § 45a-234 (25) (A) gives fiduciaries broad powers, including the right to manage real property. The defendant claims, however, that the plaintiffs' use arrangement was unfair, not in the best interests of the beneficiaries and in the plaintiffs' own self-interest. The court considered the arrangement itself, the trust agreement and the need for the use arrangement.

The plaintiffs, as a majority of the trustees, promulgated a plan that allowed each of the three siblings and the children of the deceased sibling to have exclusive use of the cottage for a two week period in July and August. The plan allowed unrestricted use of the cottage by all members of the Hackbarth family during the other

months of the year. It did not disturb any beneficiary's ability to use a nearby beach owned by an association to which the settlor belonged. The settlor could use the cottage at any time, including July and August. The defendant claims that all of the beneficiaries, approximately twenty people,[4] should be able to use the beach at will, even if that use was simultaneous.

The trust provided that on its termination, the cottage would be sold and the proceeds divided into four equal parts. The four parts of eventual distribution are the same four parts on which the plaintiffs based the use arrangement, namely, the three children of the settlor and the heirs of the fourth child. The primary beneficiaries of the trust were the settlor's living children and the children of the settlor's deceased child. The settlor intended to treat the four beneficiaries separately for distribution purposes. It is logical to do the same for the purposes of use. We agree with the court that the use arrangement is not unreasonable.

The court also found that the plaintiffs proved by clear and convincing evidence that they did not engage in self-dealing, and we agree. We also agree with the court that the defendant has not been treated unfairly or treated differently from any other beneficiary. The plaintiffs' action was not inimical to the beneficiaries' interests. See *Palmer* v. *Hartford National Bank & Trust Co.*, 160 Conn. 415, 425–26, 279 A.2d 726 (1971). If the two plaintiffs, the defendant and the heirs of the settlor's deceased child represent the trust's only beneficiaries, the defendant, as only one beneficiary, has been treated similarly to the two plaintiffs because he received two weeks of exclusive use, as did they.

The defendant also claims that the court should not have granted the injunction. We have concluded that

---

[4] See footnote 3. The defendant assumes that the beneficiaries include the issue of the grantor and the issue of the grantor's issue.

the plaintiffs properly adopted the use arrangement and the defendant concedes that without an injunction he would act in defiance of the arrangement. We now consider whether the plaintiffs and the other beneficiaries would have suffered irreparable harm without the injunction and whether the plaintiffs lacked an adequate remedy at law. See *Koepper* v. *Emanuele*, 164 Conn. 175, 177, 319 A.2d 411 (1972). If a party demonstrates both of those elements, a court may exercise its discretion to issue an injunction. Id., 178. Injunctive relief lies within the discretion of a trial court, and unless the court abused that discretion or based its decision on an erroneous statement of the law, we must uphold its grant of the relief. *Advest, Inc.* v. *Wachtel*, 235 Conn. 559, 563, 668 A.2d 367 (1995).

The court heard evidence that attempted use of the cottage by all of the beneficiaries, their families and their guests at the same time would compromise peaceful enjoyment of the cottage, that the defendant did not enjoy a close relationship with the plaintiffs or his nieces and nephews, and that tension between the defendant and them caused them to be uncomfortable when the defendant was at the cottage. Without the use arrangement, the purpose of the trust, namely, its summer use by the beneficiaries, would be thwarted. Injunctive relief was the only remedy because no adequate remedy at law existed. Damages were insufficient to obtain the requisite relief.

We conclude that the evidence was sufficient to show that irreparable harm would ensue unless the court awarded injunctive relief, that the plaintiffs had no adequate remedy at law and that the court neither abused its discretion in rendering its decision nor acted on an improper statement of the law.

The judgment is affirmed.

In this opinion the other judges concurred.