[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS #102
 PROCEDURAL HISTORY
The plaintiff, Hanley C. Meirowitz, brings an appeal from the Probate Court for the district of New Milford. Meirowitz has brought this appeal individually as a beneficiary to a testamentary trust and as co-trustee of the trust. Maurice A. Goldstein died on November 6, 1999, and his will was entered into probate. Article IV of the will established a testamentary trust (the "Trust"). The plaintiff and the defendant, Theodore H. Goldstein, are co-trustees of the Trust. In an order dated October 23, 2001, the Probate Court stated that it was authorized to order the co-trustees to make the requisite payments to Meirowitz as stated in the Trust to support Meirowitz in his accustomed manner of living. The court further ordered, however, that no payments should be made to Meirowitz exceeding the yearly minimum required distribution under the Internal Revenue Code. (The "IRS mimimum") As a result of the order, the plaintiff claims that he is aggrieved individually as a beneficiary of the Trust and he is aggrieved as trustee because he wishes CT Page 3704 to meet his fiduciary obligations to make additional payments beyond the IRS minimum that the co-trustee refuses to make and the court has refused to order.
On January 15, 2002, the defendant, co-trustee Theodore H. Goldstein, moved to dismiss the appeal taken by Meirowitz in his capacity as co-trustee on the ground that the court lacks subject matter jurisdiction because Meirowitz is not an aggrieved party in his capacity as co-trustee. On February 13, 2002, the plaintiff filed an opposition memorandum to the defendant's motion to dismiss.
 DISCUSSION
A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over subject matter." (Internal quotation marks omitted.)Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314
(1995); Practice Book § 10-31(a).
In support of his motion to dismiss, the defendant argues that the court lacks subject matter jurisdiction because Meirowitz is not an aggrieved party in his capacity as co-trustee. Specifically, the defendant asserts that where one of two co-trustees does not join in or authorize an appeal, the Trust is not an aggrieved party. For this proposition the defendant relies on Buttner v. Planning ZoningCommission of the Town of Westport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 304231 (April 27, 1994, Levin, J.), which cites to Belcher v. Conway, 179 Conn. 198, 425 A.2d 1254 (1979). In response, the plaintiff asserts that Buttner is irrelevant to this motion and Belcher is dispositive of the issue in favor of the plaintiff.
In Buttner the court addressed the issue of whether one of two co-trustees may maintain an appeal from the action of the Planning and Zoning Commission without the approval of the other trustee. In that case, the trustees owned the property abutting the parcel for which the town granted an application for a special permit and site plan. The court held that one trustee may not maintain a lawsuit against a third party in which the other trustee refuses to join. The court cites the settled principles of trust law that provide "that where there are multiple trustees, the powers conferred upon them can only be exercised by a CT Page 3705 majority. . . . If there are two or more trustees, the powers conferred upon them can properly be exercised only by all the trustees, unless it is otherwise provided by the terms of the trusts." (Citations omitted; internal quotation marks omitted.) Buttner v. Planning ZoningCommission of the Town of Westport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 304231 (April 27, 1994, Levin, J.). Furthermore, "[t]he trustees are regarded as a unit. . . . They hold their powers as a group so that their authority can be exercised only by the action of all trustees. . . . When the administration of a trust is vested in co-trustees, they all form but one collective trustee." Id.
Nevertheless, it is an equally well settled principle of trust law that one trustee may "bring an action against his co-trustees to compel the latter to perform their duties of trust or to compel them to redress a breach of trust." Belcher v. Conway, 179 Conn. 198, 206, 425 A.2d 1254
(1979); see Hackbarth v. Hackbarth, 62 Conn. App. 490, cert denied,256 Conn. 916 (2001). This principle has, as its basis, "the fiduciary duty owed to the beneficiaries by each trustee." Belcher v. Conway, supra, 179 Conn. 206.
Connecticut General Statutes § 45-186 provides an appeal to the Superior Court by "any person aggrieved" by "any order, denial or decree of a Court of Probate in any matter." "The test for determining aggrievement encompasses a well settled twofold determination: first, the party claiming aggrievement must demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest shared by the community as a whole; second, the party claiming aggrievement must establish that this specific personal and legal interest has been specially and injuriously affected by the decision." Windham Taxpayers Assn. v. Board of Selectmen, 234 Conn. 513,523, 662 A.2d 1281 (1995). "One serving in a fiduciary capacity has a standing to appeal from any decree which adversely affects the interests of those for whom he is acting, if it is part of his duty to protect those interests." O'Leary v. McGuinness, 140 Conn. 80, 86, 98 A.2d 660
(1953).
 CONCLUSION
The plaintiff here asserts that he is aggrieved as co-trustee because he wishes to meet his fiduciary obligations to make additional payments beyond the IRS minimum that the co-trustee refuses to make and the court has refused to order. The plaintiff has an interest in meeting what he as co-trustee believes are his fiduciary obligations under the Trust, therefore, the plaintiff is an aggrieved party.
The Motion to Dismiss is denied. CT Page 3706
Cremins, J.