## PAUL A. COVEY *v.* ALAN COMEN ET AL.
### (AC 14791)

Dupont, C. J., and O'Connell and Landau, Js.

Argued April 30—officially released July 29, 1997

*Alice Ann Carey*, for the appellant (plaintiff).

*Opinion*

LANDAU, J. The plaintiff, Paul A. Covey, appeals from the judgment of the trial court, rendered after a trial to the court, granting the defendants[1] an easement by implication over a certain paved parking area located on the boundary line between the parties' adjacent parcels of land. On appeal, the plaintiff claims that the

---

[1] Judith Comen, the wife of the named defendant Alan Comen, is also a defendant in this action.

trial court improperly (1) granted the defendants an easement by implication when neither party sought one, (2) failed to find record title in the plaintiff and (3) found for the defendants on their estoppel counterclaim.[2] We reverse the judgment of the trial court.

A review of the following facts found by the court facilitates an understanding of the issues in this appeal. This is a dispute between adjoining landowners over the boundary line of their parcels. On August 11, 1987, the defendants purchased their property located in Easton from Marion I. Covey, the plaintiff's mother. The defendant Alan Comen is a chiropractor with an office on the property. At the time of the sale, Marion I. Covey executed an affidavit in which she acknowledged that she had not allowed any encroachments on the property nor permitted anything to cloud its title. She orally stated to the defendants that they could always use the parking lot, indicating that she owned only about four feet of the paved area along the south edge to the highway, but they could use the entire area for parking. The defendants purchased the property relying on this representation and have used the paved parking area as a parking lot for Alan Comen's patients.

The plaintiff obtained title to the lot adjacent to the defendants on November 27, 1989, through a certificate of devise following the death of his mother. In 1990, the plaintiff attempted to sell the adjacent lot, but the prospective buyer decided not to purchase it after speaking with the defendants and being informed of their right to use the paved area. On September 28, 1990, the plaintiff commenced this action against the defendants, alleging claims of quiet title, tortious inference with contractual relations, and wrongful removal of land markers in violation of General Statutes § 47-34a. The defendants filed an answer and asserted two

---

[2] The defendants did not file an appellate brief or appear at oral argument.

special defenses[3] and two counterclaims, claiming that the plaintiff breached warranties contained in the contract of sale and that the plaintiff is estopped from claiming title. In response to the defendants' counterclaims, the plaintiff alleged special defenses that the misrepresentation of fraud claim was barred by the applicable statute of limitations and that the breach of contract claim was barred by the merger doctrine.

In its memorandum of decision, the trial court found that Marion I. Covey knew that the defendant required a parking area for his patients' use and represented that the home had the necessary zoning approvals for a chiropractor's office.[4] The trial court concluded that an implied grant of an easement to use the parking area and the driveway came into being for the benefit of the defendants as a result of Marion I. Covey's representations. The trial court rendered judgment in favor of the defendants on the plaintiff's complaint and in favor of the defendants on the second count of their counterclaim, granting the defendants a permanent easement over the portion of the driveway and parking area located on the adjacent lot.[5] This appeal followed.

---

[3] The defendants specially pleaded that the plaintiff's ownership of a portion of the driveway would put the defendants' property in violation of the zoning regulations, and therefore breach the contract for their property. The defendants also pleaded that the plaintiff's claims conflicted with an affidavit of the predecessor in title.

[4] The defendants did not offer any evidence at trial that the office could not be legally used if the paved parking area were removed.

[5] It is clear that the trial court rendered final judgment as to the plaintiff's complaint, and therefore the issues raised on appeal arising from the complaint are properly before this court. See Practice Book § 4002A; *G. F. Construction, Inc.* v. *Cherry Hill Construction, Inc.*, 42 Conn. App. 119, 122, 679 A.2d 32 (1996).

The trial court's action as to the defendants' counterclaims is not as clear. The court rendered judgment for the defendants on their second counterclaim sounding in estoppel to the extent of establishing a permanent easement in favor of the defendants on the disputed land. Thereafter, the plaintiff filed a motion for articulation, pursuant to Practice Book § 4051 seeking clarification on whether the trial court ruled on the defendants'

The plaintiff first argues that the trial court improperly granted the defendants an easement by implication when no such cause of action was pleaded and when no evidence was offered at trial on which the court could have concluded that such an easement existed. We agree.

"It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of [its] complaint. . . . *Lundberg* v. *Kovacs*, 172 Conn. 229, 232, 374 A.2d 201 (1977). However, [t]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . *Beaudoin* v. *Town Oil Co.*, 207 Conn. 575,

---

first counterclaim and for the trial court to articulate the exact location and nature of the easement. The trial court granted the motion and issued a memorandum clarifying the location and nature of the easement, but did not mention the first counterclaim. The plaintiff filed a motion for further articulation, again seeking clarification of whether the trial court ruled on the first count of the counterclaim. The trial court issued a supplemental memorandum of decision dated January 2, 1997, indicating that the first count of the counterclaim had been impliedly decided by its resolution of the remaining claims. The trial court further stated that if its ruling was ambiguous and, thus, required articulation, it found for the defendants on their first counterclaim. The trial court did not address the issue of damages as to this cause of action.

While the defendants alleged a cause of action of estoppel in their second counterclaim, estoppel is generally not considered a cause of action, but rather is pleaded as a special defense. See *Connecticut National Bank* v. *Voog*, 233 Conn. 352, 366, 659 A.2d 172 (1995); *Southington Savings Bank* v. *Rodgers*, 40 Conn. App. 23, 24, 668 A.2d 733 (1995), cert. denied, 236 Conn. 908, 670 A.2d 1307 (1996). "As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book § 164 . . . ." (Citation omitted.) *Bennett* v. *Automobile Ins. Co. of Hartford*, 230 Conn. 795, 802, 646 A.2d 806 (1994). In the present case, the defendants' assertion of estoppel is consistent with the plaintiff's allegations, but tends to show that the plaintiff has no cause of action due to the representations made to the defendants by the seller. We will therefore treat the defendants' counterclaim of estoppel as a special defense. As a result, the issues raised by the plaintiff on appeal arise from a final judgment on the complaint and are therefore reviewable by this court. See Practice Book § 4002A.

587–88, 542 A.2d 1124 (1988); *Fuessenich* v. *DiNardo*, 195 Conn. 144, 150–51, 487 A.2d 514 (1985). As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery. . . . *Normand Josef Enterprises, Inc.* v. *Connecticut National Bank*, 230 Conn. 486, 496, 646 A.2d 1289 (1994)." (Internal quotation marks omitted.) *O'Brien* v. *Coburn*, 39 Conn. App. 143, 147, 664 A.2d 312 (1995). A corollary is that a party's right to recover is limited to the allegations averred in the applicable pleading.

The pleadings in the present case do not provide sufficient notice to the plaintiff of the defendants' claim of an easement by implication; rather, the pleadings indicate only that the defendants claimed estoppel and breach of contract. The trial court rendered judgment for the defendants on the basis of a theory that was not pleaded in their counterclaim.[6] "A [party] may not allege one cause of action and recover on another. Facts found but not averred cannot be made the basis for a recovery." *Malone* v. *Steinberg*, 138 Conn. 718, 721, 89 A.2d 213 (1952). Moreover, it is important to note that there is no claim that there was a variance in the proof from the pleading.[7]

---

[6] " 'An implied easement is typically found when land in one ownership is divided into separately owned parts by a conveyance, and at the time of the conveyance a permanent servitude exists as to one part of the property in favor of another which servitude is reasonably necessary for the fair enjoyment of the latter property. . . . In the absence of common ownership . . . an easement by implication may arise based on the actions of adjoining property owners. . . . There are two principal factors to be examined in determining whether an easement by implication has arisen: (1) the intention of the parties; and (2) whether the easement is reasonably necessary for the use and normal enjoyment of the dominant estate.' . . . *Kenny* v. *Dwyer*, 16 Conn. App. 58, 64, 546 A.2d 937, cert. denied, 209 Conn. 815, 550 A.2d 1084 (1988); see also *D'Amato* v. *Weiss*, 141 Conn. 713, 717, 109 A.2d 586 (1954)." *O'Brien* v. *Coburn*, supra, 39 Conn. App. 148. No such theory was pleaded in the present case.

[7] "A variance is a departure of the proof from the facts as alleged. Not every variance, however, is a fatal one since immaterial variances are disregarded

It is clear that the plaintiff was prejudiced in maintaining his defense on the counterclaim in that he lacked the opportunity to reply to allegations that were absent from the counterclaim and never referred to at trial. See *Strimiska* v. *Yates*, 158 Conn. 179, 184, 257 A.2d 814 (1969). Therefore, we conclude that the trial court improperly granted the defendants an easement by implication. As a result, we do not reach the plaintiff's remaining claims on appeal.

The judgment is reversed and the case is remanded for a new trial on the third count of the complaint.[8]

In this opinion the other judges concurred.

---

under our practice. Practice Book § [178] . . . . Only material variances, those which disclose a departure from the allegations in some matter essential to the charge or claim, warrant the reversal of a judgment. . . . *Strimiska* v. *Yates*, 158 Conn. 179, 183, 257 A.2d 814 (1969); *Web Press Services Corporation* v. *New London Motors, Inc.*, 203 Conn. 342, 359–60, 525 A.2d 57 (1987) . . . *O'Connor* v. *Dory Corporation*, 174 Conn. 65, 68, 381 A.2d 559 (1977). *Tedesco* v. *Stamford*, 215 Conn. 450, 461, 576 A.2d 1273 (1990), on remand, 24 Conn. App. 377, 588 A.2d 656 (1991), rev'd, 222 Conn. 233, 610 A.2d 574 (1992). A variance is material only if the defendant is prejudiced by it." (Internal quotation marks omitted.) *Commissioner of Motor Vehicles* v. *DeMilo & Co.*, 233 Conn. 254, 275–76, 659 A.2d 148 (1995).

[8] The plaintiff did not appeal from the trial court's rulings as to the first and second counts of his complaint sounding in tortious interference with contractual relations and the wrongful removal of land markers in violation of § 47-34a.