[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: PLAINTIFF'S MOTION TO STRIKE #112 DEFENDANT'SMOTION TO STRIKE #121
The plaintiff, Mark Strohecker, has filed a product liability complaint in three counts for enhanced injuries against the defendants Trailmobile Group of Companies, Ltd., Trailmobile Canada, Gemala Industries Limited, Brantford Group of Companies, Ltd. and Alliedsignal Canada, Inc. (Alliedsignal), following an accident involving plaintiff as a passenger in a motor vehicle owned and operated by Scott Hafersat. The Plaintiff claims that while Hafersat was driving his car, it collided with the rear of a box trailer, which was connected to a tractor being operated by Pal S. Kular. The Plaintiff alleges that upon impact, "the rear bumper of the box trailer permitted the 1987 box trailer to make contact and penetrate the passenger cabin of the [motor vehicle] . . . where the plaintiff. . . sat as a passenger, enhancing his injuries and harm . . . . " Count Three of the Complaint is directed solely against Alliedsignal as manufacturer of the box trailer and alleges a product liability claim under Connecticut General Statutes § 52-572m. Alliedsignal filed an Answer and six Special Defenses to the Complaint, asserting in the Sixth Special Defense that the injuries sustained by Plaintiff were caused solely by the negligence of the operator of the motor vehicle, Scott Hafersat. This Sixth Special Defense is the subject of Plaintiff's Motion to Strike.
Consistent with its Sixth Special Defense, Alliedsignal filed an Apportionment Complaint against Hafersat, seeking apportionment of liability as to Count Three of Strohecker's Complaint. Hafersat moved to strike (Motion To Strike # 121) the Apportionment Complaint on the basis that apportionment is not authorized in product liability cases. CT Page 6401
In considering each of these two motions, the Court relies on the premise that a "motion to strike is the proper means of attacking a pleading that on its face is legally insufficient." (Citation omitted) Capers v. Lee, 239 Conn. 265, 282,684 A.2d 696 (1996) (McDonald, J., dissenting). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
A motion to strike may be used to test the legal sufficiency of an answer, including any special defenses. Great Country Bankv. Pastore, 241 Conn. 423, 423-24, 696 A.2d 1254 (1997). "A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 442
(1983).
Considering first the Plaintiff's Motion To Strike Alliedsignal's Sixth Special Defense, the Court recognizes that the purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but which nevertheless demonstrate that the plaintiff has no cause of action. Grant v Bassman, 221 Conn. 465, 471-72, 604 A.2d 814
(1992); Covey v. Comen, 46 Conn. App. 46, 49 n. 5, 698 A.2d 343
(1997). The Complaint as asserted against Alliedsignal alleges a product liability claim; specifically, it alleges at Count Three that a design defect enhanced Plaintiff's injuries. The question is whether Alliedsignal has any legal authority to seek apportionment for enhanced injuries and damages allegedly resulting from a product defect.
Under the enhanced injury doctrine, also known as the crashworthiness doctrine, a manufacturer of a product has a duty to "[u]se reasonable care in the design and manufacture of a product to minimize the injuries to its users and not to subject its users to an unreasonable risk of injury in the event of a collision or impact. . . ." Larsen v. General Motors Corp.,391 F.2d 495 (8th Cir. 1968). Plaintiffs pursuing enhanced injury claims must allege that the plaintiff suffered additional or more severe injuries than he or she would have suffered as a result of a design defect in the product at issue. Foster v. American HondaMotor Co., Superior Court, Judicial District of Waterbury, Docket No. 128535 (July 2, 1996, Vertefeuille, J.), 17 Conn. L. Rptr. No. 7, 237 (Sept. 2, 1996). CT Page 6402
Although no Connecticut appellate authority has addressed the enhanced injury doctrine in a product liability action, the doctrine's application in Connecticut has been explored by the superior courts. See Foster v. American Honda Motor Co., supra;Balboni v. American Honda Motor Co., Inc., Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 221355 (February 14, 1980, Hendel, J.), (6 Conn. L. Trib. 13). The Foster decision offers the more considered discussion of the enhanced injury doctrine and is instructive on the issue before the Court.
The Foster plaintiff was injured when her car collided with another passenger car. The plaintiff claimed that during that accident, she came into contact with an exposed and protruding unpadded seatbelt bolt in her car, which enhanced her injuries. As a result of her alleged enhanced injuries, the Foster
plaintiff brought a product liability claim against the manufacturer of her car, claiming that the car's interior design was defective.
The manufacturer's ninth special defense to the complaint stated that "[t]he conduct of the plaintiff . . . was the sole proximate cause of the alleged injuries and damages." Foster v.American Honda Motor Co. supra, 17 Conn. L. Rptr. No. 7 238. The plaintiff filed a motion to strike the ninth special defense as legally insufficient, but the court denied the motion to strike. The court held that the special defense was "legally sufficient because it [related] to the cause of the enhanced injuries rather than the cause of the collision." Id. "In a crashworthiness case, evidence of the [plaintiffs] negligence will be admitted if it relates to the cause of the enhanced injuries, but excluded if it relates to the cause of the collision." Foster v. American HondaMotor Co., supra; see also Caiazzo v. Volkswagenwerk, A. G.,647 F.2d 241 (2d. Cir. 1981).
In this case, Alliedsignal's Sixth Special Defense addresses the cause of the Plaintiffs injuries, not the cause of the collision itself. The Sixth Special Defense reads that "[a]nyinjures . . . sustained by the plaintiff were caused by the negligence of the operator. . . ." The Court finds that this language relates to the cause of the plaintiff's injuries and not the cause of the collision. Accordingly, Plaintiff's Motion to Strike Alliedsignal's Sixth Special Defense is denied.
The second Motion to Strike under consideration by the Court CT Page 6403 is that directed against the Apportionment Complaint asserted against Hafersat, the driver of the car in this case. By way of its Apportionment Complaint, Alliedsignal alleges that it is entitled to share with Hafersat any liability for damages arising out of the Complaint against Alliedsignal.
Hafersat has moved to strike the Apportionment Complaint as legally insufficient to state a claim upon which relief can be granted. Hafersat correctly argues that Alliedsignal's only legal authority for bringing its Apportionment Complaint is found at General Statutes § 52-102b, inasmuch as there is no common law right to apportionment. Baxter v. Cardiology Associates ofNew Haven, 46 Conn. App. 377, 380, 699 A.2d 271 (1977); Feer v.Santini, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 531207 (June 13, 1997, Sullivan, J.), 19 Conn. L. Rptr. No. 18,612 (September 1, 1997). This statutory right to claim apportionment is limited to negligence actions brought under § 52-572h. The exclusive language of the apportionment statute directs the conclusion that it does not authorize apportionment in a product liability case.
Alliedsignal argues in response that when plaintiff consolidated this case with another case in which negligence claims were asserted against the vehicle's driver, those negligence claims became part of the present matter and Alliedsignal therefore is authorized to claim apportionment. The Court disagrees with Alliedsignal's understanding of"consolidation."
Practice Book § 84A, Consolidation of Actions, provides in pertinent part that "[t]he court files in any actions consolidated pursuant to this section shall be maintained as separate files and all documents submitted by counsel or the parties shall bear only the docket number and case title of the file in which it is to be filed." (Emphasis added) Practice Book § 84A, now Practice Book (1998 Rev.) § 9-5. "Whenever there are two or more separate actions which should be tried together, the court may, upon the motion of any party . . . order that the action be consolidated for trial." (Emphasis added; internal quotation marks omitted) Clarke v. Ochart, Superior Court, Judicial District of Middlesex, Docket No. 68018, 8 CONN. L. RPTR. 609 (April 13, 1993, Higgins, J.). "Consolidation of actions" cannot and does not mean that the claims alleged against the defendants in one action are imposed automatically on the defendants from the consolidated action. See Mirabella v. Yale-New Haven Hospital, Superior Court, Judicial District of New Haven at New Haven, Docket No. 326943 CT Page 6404 (July 5, 1994, Fracasse, J.), 12 Conn. L. Rptr. No. 2, 65 (August 8, 1994). After their respective cases are consolidated, all defendants become parties at the same trial, but each is responsible for defending against only those claims to which they were given an opportunity to respond, following service of the respective complaints. Mirabella v. Yale-New Haven Hospital,
supra. The consolidation of the actions now before this Court likewise does not affect Alliedsignal's potential liability in any way; rather, Alliedsignal is required at trial to defend the products liability claim, not the claims of negligence directed at Hafersat in the consolidated action.
In light of the foregoing, resolution of this Motion to Strike is clear. It is well established that apportionment complaints pursuant to General Statutes § 52-102b are not permitted when the underlying cause of action is based upon a cause of action other than negligence under General Statutes § 52-572h. Subsection (a) of § 52-102b provides in pertinent part that "[a] defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liablepursuant to said section for a proportionate share of the plaintiffs damages, in which case the demand for relief shall seek an apportionment of liability. . . ." "General Statutes § 52-572h provides for allocation of fault among joint tortfeasors in a negligence action. Therefore, according to the plain language of the relevant provisions, an apportionment complaint brought pursuant to § 52-102b which seeks an apportionment of liability is restricted to defendants who may be liable to the plaintiff for negligence." Allard v. Liberty OilEquipment Co., Inc., Superior Court, Judicial District of Hartford, Docket No. 562255 (March 7, 1997, Lavine, J.) (19 Conn. L. Rptr. No. 6, 221 (June 9, 1997); Morris v. Watson-Bitar,
Superior Court, Judicial District of Tolland at Rockville, Docket No. 062827, 20 CONN. L. RPTR. 492 (October 21, 1997, Hammer, Trial Judge Referee); Hurst v. Kingsland Company, Superior Court, Judicial District of Litchfield, Docket No. 72465 (October 2, 1997, Pickett, J.), 20 Conn. L. Rptr. No. 10,327 (November 24, 1997).
In the present case, Count Three of Strohecker's Complaint alleges that Alliedsignal violated General Statutes §52-572m; it does not mention any violation of General Statutes § 52-572h. Moreover, Alliedsignal expressly admits in its Apportionment Complaint its own understanding that it has been sued on a product liability theory and not in negligence. CT Page 6405 Accordingly, the Court finds that there is no legal basis for Alliedsignal's Apportionment Complaint. Hafersat's Motion to Strike is granted.
Plaintiff's Motion to Strike # 112 is denied. The apportionment defendant's Motion to Strike #121 is granted.
PELLEGRINO, J.
CT Page 6409