[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT
The plaintiff is seeking a recovery for injuries allegedly CT Page 6891 received while playing basketball at a public court in the Town of Wallingford. He has brought a three count complaint against the Town of Wallingford and three of its employees. The defendants have moved for summary judgment on the ground that the pleadings and evidence can support only a public, as opposed to a private duty, and that the duties pertinent to the facts in this case can only be discretionary as opposed to ministerial.
The rubric concerning the standards governing motions for summary judgment need not be repeated at length. See, generally, §§ 17-49 et seq. of the Practice Book. It is the burden of the moving party to show, by pleadings and documentary materials, that there is no genuine issue of material fact and that judgment should enter in its favor; the evidence is to be viewed in the light most favorable to the nonmoving party. Miller v. UnitedTechnologies Corp. , 233 Conn. Judicial District of New Haven at Meriden 732, 744-45 (1995). If the moving party meets its burden, the nonmoving party then has the burden to show, through affidavits or other documentary evidence, that there is a genuine issue of material fact. If the nonmovant produces evidence sufficient to show that a genuine issue exists, then summary judgment will not issue, but more than a mere assertion that a genuine issue exists is required. Bartha v. Waterbury HouseWrecking Co., 190 Conn. 8, 11-13 (1983). Even if no evidence in opposition to the motion is produced, the motion will fail if the movant's materials fail to show both that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Walker v. Lombardo,2 Conn. App. 266, 269 (1984).
The resolution of the motion as to the second and third counts of the complaint is relatively straightforward. The second count alleges negligence on the part of three employees of the town, and the third count alleges that the town is liable pursuant to § 7-465 of the General Statutes. A municipality is immune from liability for negligence in the performance or nonperformance of public duties, if the duties are discretionary in nature. See, e.g., Gordon v. Bridgeport Housing Authority,208 Conn. 161 (1988) (extended discussion regarding the principles of municipal immunities); Shore v. Stonington 187 Conn. 147 (1982). I am satisfied that the pleadings, together with the materials submitted by the defendants in support of the motion, remove from the case any genuine issue as to the material facts that the duties to warn and to inspect and to repair the public facility were, in the circumstances presented, discretionary and public. CT Page 6892 Summary judgment on the second and third counts should, therefore, be entered in favor of the defendants.
The first count is more troublesome. The count purports to be brought against only the town and is labeled "negligence". The plaintiff alleges in this count that his fall and injuries were caused by the negligence of the "Town of Wallingford or its agents, servants or employees" in that a) the surface of the court was cracked and hazardous; b) the court did not have a proper uniform surface; and c) there were no warnings in that regard. The count does not contain standard operative language concerning negligence, for example, that the defendant(s) failed properly to maintain or inspect the premises; nor does the count contain language which specifically designates a nuisance to the public. In this posture, the defendants have suggested that the count appears to attempt to allege a negligence action, and that the concepts of municipal immunity ought to apply. The plaintiff has countered by suggesting that the count is really a nuisance count, to which different standards apply. The defendants, in turn, assert that nuisance has not been alleged but, if it has been, then the absence of a positive act still ought to result in a summary judgment in their favor. See, e.g., Lukas v. New Haven,184 Conn. 205, 210 (1984); State v.Tippets-Abbott-McCarthy-Stratton, 204 Conn. 177, 184 n. 5 (1987).
It is axiomatic that a party cannot allege one theory or cause of action and recover on another theory. Willametz v.Guida-Seibert Dairy, 157 Conn. 295 (1968); Covey v. Coman46 Conn. App. 46, 50 (1997). The right to recover is limited to the allegations of the complaint. Wright v. Hutt, 50 Conn. App. 439,449 (1998). Where a count purports to allege negligence, a plaintiff may not recover on a theory requiring wanton, reckless or malicious conduct. Lemoire v McCann, 40 Conn. App. 460, 465
(1996).
Applying these principles to the circumstances of this case, I find that the most logical reading of the first count is that it was an attempt to allege negligence against the town: the complaint states that it is a negligence count — which statement generally ought to be accorded some weight — and some negligence language is employed in the body of the count. The most logical inference is that the plaintiff intended to allege that, as in a standard premises action, the town created a defective condition by failing properly to inspect, to maintain and/or to warn. It would be unfair to the defendants to convert CT Page 6893 the count into a different cause of action on the eve of trial, even if such conversion would require little tinkering with the existing language.[1] The municipality has the same immunity defense to the first count as it does to the second and third counts. Summary judgment shall, then, enter in favor of the defendants on the first count as well.[2]
Beach, J.